# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **THE PRESTON PARTNERSHIP, LLC,** | |
| Plaintiff, | |
| v. | 1:17-cv-2846-WSD |
| **ADG DESIGN STUDIO, LLC, ATLANTA DESIGN GROUP, INC., CHANDRA CHERRY, and MARK DARNELL,** | |
| Defendants. | |

## OPINION AND ORDER

This matter is before the Court on the Motion of Defendants ADG Design Studio, LLC, Atlanta Design Group, Inc. (collectively "ADG"), Chandra Cherry and Mark Darnell (collectively "Defendants") to Dismiss Count I of the Complaint and Dismiss All Remaining State Law Claims [17].

## I. BACKGROUND

Plaintiff The Preston Partnership, LLC's ("Plaintiff" or "Preston") is an architectural and interior design firm located in Atlanta, Georgia. ([1] ¶ 9). Preston has a nationwide portfolio of mid- to large-scale multifamily and mixed-use projects. (Id.).

Defendant Chandra Cherry ("Ms. Cherry") is an interior designer. From March 1, 2006, to March 31, 2017, Ms. Cherry worked at Preston as a Principal of Interior Design. (Id. ¶ 10).

In April 2017, Ms. Cherry and three (3) other former Preston employees joined ADG Design Studio, LLC ("ADG Studio"), a newly-created division of Defendant Atlanta Design Group, Inc. ("Atlanta Design Group"). (Id. ¶ 11). Ms. Cherry is a Managing Partner of ADG Studio and Atlanta Design Group. (Id. ¶ 11). Defendant Mark Darnell is the Managing Member of ADG Studio and the President of Atlanta Design Group. (Id. ¶ 5).

In July 2017, ADG Studio launched its website, studio.atldesigngroup.com (the "Website"). (Id. ¶ 12).[1] The Website contains photographs of interior design projects that were completed by Ms. Cherry, along with other Preston employees, while Ms. Cherry worked at Preston (the "Photographs"). (Id. ¶ 13). The Photographs appear on the Website: (1) on the homepage, as sliding images moving across the screen; (2) as a collection of thumbnail images under the main "Portfolio" page; and (3) individually, in larger format, when selected from the "Portfolio" page. (Id. ¶ 13) In small, white letters on the bottom right corner of the Photographs is a statement which reads: "Work done while Principal at The

---

[1] The address, adg-studio.com, redirects to studio.atldesgingroup.com. (See Compl. ¶ 12).

Preston Partnership." (Id. ¶ 14). Plaintiff asserts that this statement is false because neither ADG Studio nor Atlanta Design Group was ever a Principal at Preston. Plaintiff asserts further that the small text, coupled with the images sliding across the screen, make the statement "indecipherable." ([1] ¶ 15).

Plaintiff also alleges that the design of the Website is misleading because the Website does not contain a section highlighting Ms. Cherry's personal portfolio of work. Rather, the Photographs are represented as showing ADG Studio's portfolio of work, when in fact ADG Studio—a newly created company—does not have a portfolio of work. ([1] ¶ 16).

On July 12, 2017, Robert Preston ("Mr. Preston"), President of The Preston Partnership, sent Ms. Cherry an email, asserting that the Photographs on the Website were misleading and asking that they be removed. (Id. ¶ 18).

On July 21, 2017, Preston's counsel sent Ms. Cherry a letter demanding that ADG Studio "cease and desist the unauthorized representation of Preston's work on the ADG Studio website." (Id. ¶ 20). Mr. Darnell and three other ADG Studio employees were copied on the letter. Plaintiff alleges that Defendants failed to respond to Plaintiff's communications. (Id. ¶ 21).

On July 27, 2017, Plaintiff filed its Complaint [1], asserting claims for violation of the Lanham Act, 15 U.S.C. § 1125(a), for false designation of origin of

3

services (Count I); violation of the Georgia Deceptive Trade Practices Act, O.C.G.A. § 10-1-372 (Count II); injunctive relief (Count III); and attorneys' fees (Count IV).

On July 28, 2017, Plaintiff filed a Motion for Temporary Restraining Order ("TRO") under its Lanham Act claim, seeking to enjoin Defendants: (1) from displaying any photographs on the Website depicting Plaintiff's interior design work; and (2) from misrepresenting the origin of the Photographs in a way that is likely to cause confusion as to the origin of the work.

On August 9, 2017, the Court conducted a hearing on Plaintiff's Motion for TRO. At the hearing, Mr. Preston stated that having photographs of Preston projects on ADG Studio's Website "is very deceiving because it gives the impression that ADG has a history very similar to what our history is. It gives the clear impression that those projects were done . . . by ADG when obviously they were not. And I think it gives them a false portfolio of work when really they obviously don't have a portfolio of work because they are a start-up company." ([16] at 8). Mr. Preston testified that he "think[s] there will inevitably be confusion that those projects [in the Photographs on the Website] were done by ADG and not by Preston." ([16] at 20). Mr. Preston admitted, however, that he is not aware of any complaints from prospective or existing clients that the projects

depicted in the Photographs on the Website were completed by ADG, and not Preston, and he does not expect to know of clients that have engaged ADG because of their portfolio of work. ([16] at 19-20). Mr. Preston also stated that he has not lost any business as a result of people seeing the Photographs on the Website and being drawn to ADG for design work. ([16] at 21-22).

The Court denied Plaintiff's Motion for a TRO on August 18, 2017. ([15]). The Court found that "Plaintiff fails to allege facts to support that Defendants' allegedly false designation is likely to cause consumer confusion." ([15] at 7, 12). The Court also found that "Plaintiff further fails to allege facts to support that it was harmed by Defendants' allegedly false designation." (Id. at 10, 12). Based on those deficiencies, the Court concluded that "Plaintiff is not likely to succeed on the merits of its Lanham Act claim." (Id. at 12).

Three days later, on August 21, 2017, Defendants filed the instant Motion to Dismiss [17]. Defendants argue that "Preston failed to sufficiently allege any of the four elements necessary for a false designation of origin claim." ([17-1] at 1). In particular, Defendants maintain: (1) that the "goods" Preston seeks to protect, i.e. the Photographs, are owned by Defendants and the Supreme Court's decision in Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23 (2003) bars Lanham Act protection for the ideas embodied in the photographs; (2) that Preston

5

failed to sufficiently allege how the photographs were falsely designated; (3) that Preston failed to sufficiently allege that consumer confusion is likely; and (4) that Preston failed to sufficiently allege specific instances of harm resulting from the alleged false designation.

## II. DISCUSSION

### A. Legal Standard

On a motion to dismiss, the Court must "assume that the factual allegations in the complaint are true and give the plaintiff[] the benefit of reasonable factual inferences." Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010). Although reasonable inferences are made in the plaintiff's favor, "'unwarranted deductions of fact' are not admitted as true." Aldana v. Del Monte Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting S. Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996)). Similarly, the Court is not required to accept conclusory allegations and legal conclusions as true. See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (construing Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Mere "labels and conclusions" are insufficient. Twombly, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). This requires more than the "mere possibility of misconduct." Am. Dental, 605 F.3d at 1290 (quoting Iqbal, 556 U.S. at 679). The well-pled allegations must "nudge[] their claims across the line from conceivable to plausible." Id. at 1289 (quoting Twombly, 550 U.S. at 570).

B. Analysis

Plaintiff claims false designation of origin under Section 43(a)(1)(A) of the Lanham Act. Section 43(a)(1)(A) prohibits using:

> in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . .

15 U.S.C. § 1125(a).

7

"To prevail on a false designation of origin claim, a plaintiff must show it was either actually or likely to be damaged by the fact that the defendant used a 'false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which [wa]s likely to cause confusion, or to cause mistake, or to deceive . . . as to the origin . . . of his or her goods, services, or commercial activities by another person.'" Lipscher v. LRP Publ., Inc., 266 F.3d 1305, 1312-13 (11th Cir. 2001) (citing 15 U.S.C. § 1125(a)(1)(A)). "Plaintiff's false designation of origin claim is one for 'reverse passing off,' which occurs when the defendant 'misrepresents [the plaintiff's] goods or services as his own.'" PHA Lighting Design, Inc. v. Kosheluk, No. 1:08-cv-1208, 2010 WL 1328754, at *4 (N.D. Ga. Mar. 30, 2010) (citing Dastar, 539 U.S. at 27 n. 1). To support a claim for reverse passing off under Section 43(a)(1)(A), a plaintiff must show: (1) the goods or services at issue originated with the plaintiff; (2) the defendant falsely designated the origin of the work; (3) the false designation was likely to cause consumer confusion; and (4) the plaintiff was harmed by the defendant's false designation. Id. at *4; Del Monte Fresh Produce Co. v. Dole Food Co., Inc., 136 F.Supp.2d 1271, 1284 (S.D. Fla. 2001) (citing Softel, Inc. v. Dragon Med. and Sci. Commun., Inc., 118 F.3d 955, 970 (2nd Cir. 1997)).

(1) Whether Plaintiff Sufficiently Pled that the Goods or Services at Issue Originated with the Plaintiff

Defendants maintain that Plaintiff failed to sufficiently allege that the goods at issue, i.e. the Photographs, originated with Plaintiff. In particular, Defendants assert that the Photographs are owned by Defendants and the Supreme Court's decision in Dastar bars Lanham Act protection for the design ideas embodied in the Photographs. Plaintiff acknowledges it is not the owner of the Photographs but maintains that "the claim at issue in this case is not for the false designation of the origin of 'goods,' but of the false designation of the origin of 'services.'" ([18] at 6). Plaintiff further argues that the Supreme Court in Dastar explicitly limited the issue under consideration to "what the Lanham Act means by the 'origin' of 'goods'" and does not bar its claim based on origin of services. (Id., citing Dastar, 539 U.S. at 31).

Dastar does not bar a Section 43(a) claim for false designation of the origin of services. The Supreme Court defined the issue in Dastar: "At bottom, we must decide what § 43(a)(1)(A) of the Lanham Act means by the 'origin' of 'goods.'" Dastar, 539 U.S. at 31. As explained by the Seventh Circuit:

> *Dastar* held that a copyright can't be extended by using the Lanham Act. Dastar, the defendant, copied and sold some videos after the copyright expired. Dastar correctly identified itself as the producer of the physical objects that embodied the intellectual property; doing so satisfied both statutes, the Court held. Twentieth Century Fox, which

9

> had owned the copyright before its expiration, did not contend that
> Dastar had falsely identified itself as the videos' creator, wrongly
> imputed the newly made copies to Twentieth Century Fox, or made
> any other false claim. Because the origin of goods had been correctly
> designated, and no false statement made, the Court held that § 43(a)
> did not supply a claim for relief.

Gensler v. Strabala, 764 F.3d 735, 736-37 (7th Cir. 2014). In Gensler, the Seventh Circuit found that Gensler, an architectural firm with projects throughout the world, stated a plausible and tenable claim for relief under Section 43(a) of the Lanham Act for "reverse passing off" of services by a former Design Director, Strabala, that stated on his website that he had designed five projects for which Gensler is the architect of record. Id. The Court found that, in contrast to Dastar, Gensler "does assert there has been a false claim of origin—though of services rather than goods." Gensler, 764 F.3d at 737. Here, Plaintiff similarly complains that Defendants are representing that they were responsible for design work shown in the Photographs when that work was actually done by Preston.

Defendants argue that the nature of Plaintiff's complaint is really about goods, i.e. the Photographs, and protecting the design ideas shown in the Photographs. Thus, Defendants assert that this Court should follow the reasoning in Meribear Prods., Inc. v. Vail, No. CV 14-454 DMG (RZX), 2014 WL 12597609 (C.D. Cal. Aug. 5, 2014), and reject Plaintiff's claim as barred by the holding in Dastar. Meribear dismissed a Section 43(a) claim by a design company

10

against a former designer that advertised her own design company using photographs of her work completed while employed by the plaintiff. The Meribear court held:

> *Dastar* controls this case. MBH's Section 43(a) claim is premised on the theory that Defendants essentially plagiarized MBH's design work by presenting it as Vail's work. Vail allegedly did so by displaying photographs on her website of MBH's design work. While photographs—like the copies of the original series in *Dastar*—are arguably tangible goods, MBH is concerned about the intellectual content embodied in the photographs, that is, the original and creative selection and placement of furniture and other design elements.

Meribear, 2014 WL 12597609 at *3.

Though the facts in Meribear are similar to this case, the Meribear court focused solely on whether plaintiff could proceed on a claim of false designation of the origin of goods in view of Dastar and did not address a claim of false designation of the origin of services. In contrast, Preston states that it does not seek to protect a "good" or the "intellectual content" depicted in the Photographs. Rather, Preston maintains it seeks only to pursue a claim for false designation of the origin of services depicted in the Photographs. ([18] at 8).

Defendants argue that "Preston attempts to retroactively clarify the type of falsity it alleges [services not goods] but this retroactive attempt does not make up for the Complaint's failures." ([19] at 5). While the Complaint contains allegations that might be viewed as asserting a claim for false designation of origin

of goods, it also includes allegations that pertain to a claim for false designation of the origin of services. For instance, the Complaint references Solis Waverly, "a Preston interior design project completed in 2016," and states "[n]either ADG Studio or Atlanta Design Group was involved in the Solis Waverly design work, or any other projects whose jpg images appear on the ADG Studio website." ([1] at ¶ 17). The Complaint further states that "the photographs of Preston projects on ADG Studio's website were misleading . . ." and references "the unauthorized representation of Preston's work on the ADG Studio website." (Id. at ¶¶ 18-19). Finally, in Count I, Plaintiff alleges that: (1) "Defendants use ADG Studio's website, particularly the photographs in the "Portfolio" section, to advertise their interior design *services* to potential customers;" (2) "Defendant ADG Studio misrepresented Preston's *services* as those of ADG Studio; and (3) "Defendants falsely designated the work of Preston to be the work of ADG." (Id. at ¶ 23 (emphasis added), ¶ 28 (emphasis added), ¶ 30). The Court finds that Plaintiff sufficiently pled facts to support element one of a Section 43(a) Lanham Act claim based on false designation of the origin of services, i.e. that the design service at issue originated with Preston, and that such a claim is viable even after Dastar. See Gensler, 764 F.3d at 737 (nothing in Dastar forecloses a Lanham Act claim based

on misleading representation of fact (a designer's role in a design) that is likely to deceive clients about the "origin" of the design).

> (2) <u>Whether Plaintiff Sufficiently Pled that the Defendants Falsely Designated the Origin of the Design Work</u>

Defendants argue that "Preston has not made specific allegations of falsity or misleading statements," particularly in view of the fact that the Photographs show the statement, "Work done while Principal at The Preston Partnership." ([17-1] at 9). Plaintiff counters that "[b]ecause Cherry's name does not appear anywhere on the photographs or the Portfolio section of the website, the photographs are falsely attributed to ADG Studio." ([18] at 9). The Complaint specifically alleges that "[t]he disclaimer statement is false as neither ADG Studio or Atlanta Design Group was ever a Principal at Preston." ([1] at ¶ 14). The Complaint also alleges that "the small disclaimer lettering [is] indecipherable" when the photographs flash by on the home page where a consumer would initially click and "not even visible" when either the home page or Portfolio section is accessed from a mobile device. (<u>Id.</u> at ¶ 15).

In view of the disclaimer, it is a question of fact whether a prospective customer would attribute the designs depicted in the Photographs to ADG Studio rather than an individual designer at ADG Studio that previously worked for Preston. Accepting Plaintiff's allegations as true, drawing all reasonable

13

inferences in Plaintiff's favor, and noting that Plaintiff alleges that the disclaimer is indecipherable or invisible in certain contexts, the Court finds these allegations of falsity plausible. Plaintiff sufficiently pled facts to support element two of a Section 43(a) Lanham Act claim based on false designation of the origin of services, i.e. that Defendant falsely designated the origin of Preston's design work.

> (3) Whether Plaintiff Sufficiently Pled that the False Designation is Likely to Cause Consumer Confusion

Plaintiff argues that "Preston failed to allege that the photographs caused actual confusion and failed to allege facts showing confusion is likely." ([17-1] at 11). "While there is no bright line test to determine the existence of a likelihood of consumer confusion, recovery under the Lanham Act requires, at a minimum, that confusion, mistake, or deception be likely, not merely possible." Custom Mfg. & Eng'g, Inc. v. Midway Servs., Inc., 508 F.3d 641, 651 (11th Cir. 2007). Factors courts in this circuit consider include defendant's intent and actual confusion. Lipscher, 266 F.3d at 1313; Suntree Techs., Inc. v. Ecosense Int'l, Inc., 693 F.3d 1338, 1348 (11th Cir. 2012) (focusing on defendant's intent and actual confusion, stating, where "defendant has taken the plaintiff's product and has represented it to be his own work," the first five factors of the likelihood of confusion test are

irrelevant).² See also Frehling Ent., Inc. v. Int'l Select Grp., Inc., 192 F.3d 1330, 1335 (11th Cir. 1999) ("Of these, the [strength of the] mark and evidence of actual confusion are the most important."). A plaintiff must do more than simply show that defendant passed off the plaintiff's services as their own. Lipscher, 266 F.3d at 1313-14.

The Complaint alleges that "[t]he photographs of Preston's design projects on ADG Studio's website are likely to mislead, confuse, or deceive visitors to ADG Studio's website into believing that ADG Studio performed the interior design work pictured." ([1] at ¶ 26). The Complaint also alleges that "Defendants' refusal to remove the photographs of Preston's work from ADG Studio's website despite an email and a cease-and-desist letter illustrate their intent to misrepresent the origin of the work." ([1] at ¶ 32). These allegations, when combined with the allegations explaining how a consumer might mistake the designs depicted in the Photographs as being the work of ADG Studio's, particularly when viewing Defendants' Website from mobile devices, offer enough to make a claim of likelihood of confusion plausible when all reasonable inferences

---

² Courts in this circuit look to the following factors to determine whether a likelihood of confusion exists in Lanham Act trademark claims: (1) type of mark; (2) similarity of mark; (3) similarity of the products the marks represent; (3) similarity of the parties' retail outlets and customers; (5) similarity of advertising media; (6) defendant's intent; and (7) actual confusion. Lipscher, 266 F.3d at 1313 (recognizing all of the factors may not be relevant to a reverse passing off claim).

15

are drawn in Plaintiff's favor. T-12 Entm't, LLC v. Young Kings Enterprises, Inc., 36 F. Supp. 3d 1380, 1391 (N.D. Ga. 2014) (to adequately plead likelihood of confusion, plaintiffs "need only offer enough facts to make a likelihood of confusion plausible.").

Citing Gensler, Defendants contend that "Preston's established, sophisticated clients are unlikely to be confused." ([19] at 6). While the Court in Gensler expressed concerns about the viability of plaintiff's claims given the likely sophistication of its customers, it expressly noted that "Gensler's complaint [does not] rule out the possibility that it competes with [defendant] to build some smaller projects with less sophisticated clients," and expressly declined to enter judgment before the parties had a fair opportunity to litigate the issue. Gensler, 764 F.3d at 739. While Defendants might ultimately prevail on the confusion issue for the reasons argued, nothing at this stage establishes the implausibility of Plaintiff's allegations of confusion.

Defendants maintain that their willingness to redesign the Website undermines Plaintiff's allegation of an intent to deceive consumers. ([17-1] at 10, citing Suntree Techs., Inc. v. Ecosense Int'l, Inc., 802 F. Supp. 2d 1273, 1284 (M.D. Fla. 2011). But, unlike the defendant in Suntree, Defendants did not implement any website changes. Cf. Suntree, 693 F.3d at 1348 ("Ecosense's

immediate destruction of the brochure and its elimination of the maintenance presentation from its website support its assertion that Ecosense did not intend to confuse potential customers with photos of Suntree's product."). The Court finds Defendants' assertion that no changes were made because Preston "demanded that ADG abstain from destroying electronic evidence - presumably including the website - which prevented ADG from making any changes" disingenuous. ([17-1 at 10). Defendants could have electronically preserved the contents of the Website as it existed and published to the public a redesigned website. That Defendants also acknowledge dismissing Preston's email and cease-and-desist letter as a "scare tactic" does not help their cause. ([17-1] at 10). Defendants' admitted inaction supports Plaintiff's allegation in paragraph 32 that "Defendants' refusal to remove the photographs of Preston's work from ADG Studio's website despite an email and a cease-and-desist letter illustrate their intent to misrepresent the origin of the work." ([1] at ¶ 32).

Defendants argue that the Court, having denied Plaintiff's motion for a TRO, supports there was no likelihood of confusion. But the standard for evaluating a TRO, whether Plaintiff has demonstrated a likelihood of success on the merits, is quite different from the standard for evaluating a motion to dismiss, whether Plaintiff has pled a plausible claim for relief when all reasonable inferences are

drawn in Plaintiff's favor. "The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of its claim." Kythera Biopharmaceuticals, Inc. v. Lithera, Inc., 998 F. Supp. 2d 890, 896 (C.D. Cal. 2014) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002)). "Plaintiff need not 'prove' confusion at the motion to dismiss stage." Pulse Creations, Inc. v. Vesture Grp., Inc., 154 F. Supp. 3d 48, 55–56 (S.D.N.Y. 2015); Van Praagh v. Gratton, 993 F. Supp. 2d 293, 303 (E.D.N.Y.2014) ("Likelihood of confusion is a fact-intensive analysis that ordinarily does not lend itself to a motion to dismiss.") Plaintiff sufficiently pled facts to support element three of a Section 43(a) Lanham Act claim based on false designation of the origin of services, i.e. that the false designation is likely to cause consumer confusion. T-12 Entm't, 36 F. Supp. at 1391("[A] fair reading of the complaint raises [plaintiff's] right to relief above the speculative level. Nothing else is required to survive a motion to dismiss. A more searching inquiry must wait for summary judgment.").

(4) Whether Plaintiff Sufficiently Pled that Plaintiff was Harmed by Defendants' False Designation

The Complaint contains one specific allegation of harm: "Defendants' false designation of the origin of Preston's work on ADG Studio's website has caused, and is likely to further cause, competitive or commercial injury to Preston." ([1] at

18

¶ 33). Defendants assert that "[f]or a Section 43(a) claim, the plaintiff must allege specific instances of harm such as losing a customer, receiving calls from confused consumers, or otherwise." ([17-1] at 11, citing CheapTruckParts.com, LLC v. Godfather Vans, Inc., 2010 WL 11508305, at *8 (N.D. Ga. 2010) (finding an alleged phone call from a confused customer insufficient to show harm) and PHA Lighting Design, Inc. v. Kosheluk, 2010 WL 1328754, at *5 (N.D. Ga. March 30, 2010) (finding plaintiff failed to show how its declining sales and failure to obtain new customers or otherwise were connected to defendant's brochures). But that is not the law. Each of the cases cited by Defendants addressed the sufficiency of Plaintiff's proof of harm on summary judgment, not at the motion to dismiss stage.

A fair reading of the Complaint establishes the plausibility of Plaintiff's allegation of harm. Plaintiff and Defendants compete for the same work and Defendants are using work performed by Cherry while at Preston to bolster the portfolio and reputation of ADG Studio as a whole. One can reasonably infer from those allegations that Plaintiff would suffer harm, the loss of prospective clients to ADG Studio, as a result of ADG Studio misleading prospective clients to think that ADG Studio has completed the Preston projects depicted in the Photographs shown on Defendants' Website. Plaintiff sufficiently pled facts to support element four of

a Section 43(a) Lanham Act claim based on false designation of the origin of services, i.e. that Plaintiff was harmed by Defendants' false designation.

The Court concludes that Count I of the Complaint states a plausible claim of a Section 43(a) Lanham Act violation based on Defendants' false designation of the origin of services.[3]

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Count I of the Complaint and Dismiss All Remaining State Law Claims [17] is **DENIED**.

**SO ORDERED** this 5th day of January, 2018.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Having denied Defendants' motion to dismiss Count I, the Court need not consider Defendants' request to dismiss the remaining state law claims.